## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Stephen Jones, | ) | |
| | ) | Civil Action No. 3:15-cv-03020-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER CONFIRMING ARBITRATION** |
| | ) | **AWARD AND ENTERING JUDGMENT** |
| Coastal Concrete Southeast II, LLC and | ) | **FOR PETITIONER** |
| Coastal Concrete Holding II, LLC, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court pursuant to Petitioner Stephen Jones's ("Petitioner") Petition to Confirm Arbitration Award. (ECF No. 1.)

Petitioner and Respondents Coastal Concrete Southeast II, LLC and Coastal Concrete Holding II, LLC (together "Respondents") entered into an Employment and Non-Competition Agreement ("Agreement"), which document provided that any dispute arising out of or relating to the Agreement be resolved by arbitration in accordance with the rules of the American Arbitration Association ("AAA"). (ECF No. 1-1 at 8 ¶ 11.) Pursuant to the Agreement, the parties participated in arbitration on December 15 and 16, 2014. (ECF No. 1-2 at 1.) On July 2, 2015, the arbitrator awarded Petitioner $223,864.57 on his claims against Respondents. (ECF No. 1-3 at 2.)

Thereafter, Petitioner filed a Petition to Confirm Arbitration Award on July 31, 2015. (ECF No. 1.) Respondents were served with Summons and Petition on November 30, 2015 and December 9, 2015 (ECF No. 14), but did not file an answer or move to vacate, modify, or correct the arbitration award. For the following reasons, the court will confirm the arbitration award.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, governs all arbitration matters. The FAA expressly provides that "if the parties in their agreement have agreed that a judgment

of the court shall be entered upon the award made pursuant to the arbitration, . . . then . . . the court must grant such an order unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9. The FAA expresses a presumption that arbitration awards will be confirmed. See Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998).

Upon review, the court observes that the Agreement between the parties states that "the award of the arbiter maybe [sic] entered and enforced as a judgment in any court of competent jurisdiction." (ECF No. 1-1 at 8 ¶ 11.) Moreover, service on Respondents was effectuated by a United States Marshal in accordance with the requirements of 9 U.S.C. § 9. In consideration of the foregoing, there are no reasons before the court that justify the vacation of the aforementioned arbitration award. Therefore, the court **GRANTS** Petitioner Stephen Jones's Petition to Confirm Arbitration Award in the amount of $223,864.57. (ECF No. 1.)

Petitioner has also requested attorney's fees and all costs and expenses incurred in filing his petition. (ECF No. 1 at 2.) Federal Rule of Civil Procedure 54(d) allows for a claim for attorney's fees to be made by motion. See id. Pursuant to Fed. R. Civ. R. 54(d)(2)(A), Petitioner shall file any motion for attorney's fees and costs with a supporting affidavit within fourteen (14) days of the entry date of this Order.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

January 20, 2016
Columbia, South Carolina